OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Since the Appellate Division affirmed Special Term’s finding that the building was not a specialty and it is not argued that there is no substantial evidence to support that conclusion we cannot reverse or modify (Matter of Rochester Urban Renewal Agency [Patchen Post], 45 NY2d 1, 7; Matter of Seagram & Sons v Tax Comm. of City of N. Y., 14 NY2d 314, 317). The only issue before us, therefore, is whether the evaluation method used was erroneous.
Special Term used an income approach based on 3% of gross sales but recognized that the reproduction cost less depreciation method used in valuing specialties nonetheless influenced its determination in that the valuation placed on the building through the income approach could not exceed depreciated reproduction cost. The city argues that the cost approach should have been used not as a maximum only but to adjust value upwards, citing G.R.F., Inc. v Board of Assessors of County of Nassau (41 NY2d 512, 514-515), which recognized that part of the construction cost of a "flagship” store may reflect not value to that store but value to the remainder of the shopping center. On the facts of this case the *841 failure to make such an adjustment was not error. Here involved is not a "flagship” store but a freestanding department store in downtown White Plains. Moreover, the city did not demonstrate the legitimacy as a matter of economic theory of the adjustment for which it contends (id., p 515; cf. Matter of Merrick Holding Corp. v Board of Assessors of County of Nassau, 45 NY2d 538).
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed, with costs, in a memorandum.