■ RICHARD STONE, Respondent-Appellant, v NORMAN STONE et al., Appellants-Respondents. (And a Second Action.) — In an action, *inter alia,* for an accounting of a purported partnership, and for damages, (1) defendants appeal, as limited by their notice of appeal and brief, from stated portions of an interlocutory judgment of the Supreme Court, Westchester County (Buell, J.), entered September 30, 1983, as, among other things, (a) found that the business relationship between plaintiff Richard Stone and defendant Norman Stone was a partnership, except that the business activities of the parties were conducted in the form of corporations prior to August 27, 1976; (b) found that certain promissory notes executed by plaintiff Richard Stone and defendant Norman Stone, and certain trademarks, are assets subject to division pursuant to the parties' agreement of August 27, 1976, that plaintiff is entitled to an accounting from defendant Norman Stone with respect to these assets, and that plaintiff is entitled to a credit in the final accounting of one half of $179,616.85, the amount by which the total sum of defendant Norman Stone's notes exceeded the total sum of plaintiff Richard Stone's notes; and (c) found that $1,000,000 worth of "cabinet inventory" was an asset to be divided by the parties; and (2) plaintiff cross appeals, as limited by his notice of appeal and brief, from so much of the same interlocutory judgment as (a) determined that defendant Norman Stone need not account to plaintiff for two contracts associated with the parties' business enterprise in Taiwan inasmuch as plaintiff had no interest in those contracts; and (b) allegedly miscalculated the amount of the promissory notes executed by defendant Norman Stone, and omitted one promissory note from such computation.

Interlocutory judgment modified, on the facts, by (1) striking the figure "$179,616.85" from the fourth decretal paragraph thereof, and substituting therefor the figure "$178,587.35"; (2) striking the figure "$372,505.71" in subdivision (b) of the fifth decretal paragraph and substituting therefor the figure "$372,476.21"; (3) striking the figure "$1,000,000" from subdivision (e) of the fifth decretal paragraph; (4) striking the words "one-million dollar" from the sixth decretal paragraph; (5) striking the words "the Apollo Plastics contract, which was validly assigned and transferred to Norman Stone, and any matters limited thereto" from the seventh decretal paragraph; and (6) adding a provision to the tenth decretal paragraph that plaintiff Richard Stone is entitled to an accounting with regard to all

business transactions between A. Stone & Co., Inc., and Apollo Plastics Corp. since the termination of the partnership on August 3, 1977, to date. As so modified, interlocutory judgment affirmed insofar as appealed from, with costs to plaintiff.

The trial court should have ordered defendant Norman Stone to account to plaintiff Richard Stone with respect to the contract between A. Stone & Co. and Apollo Plastics Corp. of Taiwan as well as with respect to the contract between A. Stone & Co. and Tah Shen Trading Company of Taiwan. The evidence indicates that the Apollo contract was not validly assigned by Richard Stone to Norman Stone on January 28, 1978, despite the fact that he was advised by counsel and had indicated in a letter that he assented to the assignment. Instead, the evidence shows that the motivation for the assignment was a representation by defendant Norman Stone that the contract should be assigned to him in order to protect the contract from a lawsuit by a customer of defendant A. Stone & Co. The representation by defendant Norman Stone, upon which plaintiff relied, was false. Therefore, defendant Norman Stone should be required to account to plaintiff with respect to the Apollo Plastics contract.

In addition, the trial court erred in making a factual finding that certain inventories of kitchen cabinets manufactured by Fuji Polymer Co., Ltd., of Japan were worth $1,000,000. No inventory records, invoices or appraisals of the value of the inventory were introduced into evidence. The value of the inventory as found by the trial court was based solely on declarations of the plaintiff which amounted to nothing more than rough estimates or approximations. Therefore, while the inventory constitutes an asset which should be divided between the parties, its value should be determined by the referee at the accounting.

Finally, the trial court made a mathematical error in the calculation of the amount of the promissory notes executed by defendant Norman Stone, not including the promissory note on the Middletown, New York, retail store. The amount of the notes executed by Norman Stone is $372,476.71, as determined by the trial court. Therefore, the difference between the promissory notes executed by defendant Norman Stone and plaintiff Richard Stone is $178,587.35, and plaintiff Richard Stone is thus entitled to a credit in the final accounting of one half of $178,587.35, or $89,293.68, pursuant to the fourth decretal paragraph of the judgment. In all other respects, we affirm the judgment insofar as appealed from for the reasons stated in the memorandum decision of Justice Buell. Mollen, P. J., Titone, Lazer and Rubin, JJ., concur.