■ RICHARD STONE, Appellant, v NORMAN STONE, Respondent, et al., Defendants. [644 NYS2d 648] —In an action for the dissolution of a partnership, the appointment of a receiver, and an accounting, the plaintiff appeals from (1) an order and judgment (one paper) of the Supreme Court, Westchester County (Burrows, J.), entered October 11, 1994, which, *inter alia,* granted the motion of the defendant Norman Stone to confirm the Referee's findings and denied the plaintiff's cross motion to reject the Referee's report and appoint a successor Referee to conduct the balance of the hearings, and for partial summary judgment, and (2) a judgment of the same court, entered January 9, 1995, which is in favor of the defendant Norman Stone and against the plaintiff in the principal sum of $28,788.63.

Ordered that the appeal from the order and judgment entered October 11, 1994, is dismissed, as that order and judgment was superseded by the judgment entered January 9, 1995; and it is further,

Ordered that the judgment entered January 9, 1995, is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The report of a Referee should be confirmed whenever the findings are substantially supported by the record, and the Referee has clearly defined the issues and resolved matters of credibility (*see, Kaplan v Einy,* 209 AD2d 248; *United States Trust Co. v Olsen,* 194 AD2d 481). We agree with the Supreme Court that the Referee's findings, which were based on more than a dozen hearings over an 18-month period, are supported by the record. Accordingly, the respondent's motion to confirm the report was properly granted.

We note that, in his motion to confirm the Referee's findings, the respondent contended that the plaintiff's claims were barred by a general release he signed in a Federal action. We decline to reach this issue because the respondent never moved

to amend his answer to plead this affirmative defense after the release was signed (*see,* CPLR 3018 [b]) and the Supreme Court did not address the issue.

We have considered the plaintiff's remaining contentions and find them to be without merit. Bracken, J. P., O'Brien, Joy and Goldstein, JJ., concur.