■ RICHARD STONE, Appellant, v MAURICE CURRAN, Respondent. [665 NYS2d 942] —In an action to recover damages arising from violations of Judiciary Law § 487, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Coppola, J.), entered October 25, 1996, as granted that branch of the defendant's motion which was to dismiss the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff alleged that the defendant committed 44 acts of deceit in violation of Judiciary Law § 487. The defendant had been counsel for the plaintiff's brother in both a prior action for the dissolution of the brothers' partnership and in a bankruptcy action brought in Federal Court. A Referee had been appointed to conduct an accounting for the dissolution of the partnership (*see, Stone v Stone,* 109 AD2d 834). The Referee's report was confirmed by order and judgment (one paper) of the Supreme Court, Westchester County, and, upon the plaintiff's appeal, that order and judgment was upheld by this Court (*Stone v Stone,* 229 AD2d 388). Inasmuch as the prior actions undisputedly addressed the instant allegations raised by the plaintiff and found them to be without merit, the plaintiff's cause of action based on Judiciary Law § 487 cannot stand (*see, Lazich v Vittoria & Parker,* 189 AD2d 753). Also unavailing is the plaintiff's contention that the defendant's conduct in the prior actions caused him extreme emotional distress (*see, Yalkowsky v Century Apts. Assocs.,* 215 AD2d 214; *see also, Lazich v Vittoria & Parker, supra; Michalic v Klat,* 128 AD2d 505).

The plaintiff's remaining contention is without merit. Miller, J. P., Sullivan, Santucci and Lerner, JJ., concur.