■ In the Matter of RINALDO GARGANO, Appellant, v CITY OF NEW YORK, DEPARTMENT OF FINANCE et al., Respondents, et al., Respondent. [809 NYS2d 165]—In a proceeding, inter alia, pursuant to CPLR article 78, to compel an accounting of real estate tax payments made by the petitioner on the subject property and the amounts actually credited to his account, the petitioner appeals, as limited by his brief, from so much of (1) an order of the Supreme Court, Kings County (Ruchelsman, J.), dated April 14, 2004, as granted his cross motion to confirm a report of a Judicial Hearing Officer finding that he was entitled to a refund in the sum of $35,211.51 plus penalties and interest only to the extent of determining that he was entitled to a refund in the sum of $19,125.90, and, in effect, granted the motion of the City of New York, Department of Finance and NYCTL 1998-2 Trust to reject the report to the extent of determining that his refund was limited to the sum of $19,125.90 and that he was not entitled to penalties or interest and (2) an order of the same court dated September 10, 2004, as, denied that branch of his motion which was for an award of an attorney's fee and, upon granting that branch of his motion which was for leave to reargue the prior motion and cross motion, in effect, granted the cross motion only to the extent of determining that he was entitled to a refund in the sum of $21,594.96, and granted the prior motion to the extent of determining that his refund was limited to the sum of $21,594.96 and that he was not entitled to penalties or interest.

Ordered that the appeal from the order dated April 14, 2004, is dismissed; and it is further,

Ordered that on the Court's own motion, the notice of appeal from the order dated September 10, 2004, is treated as an application for leave to appeal and leave to appeal is granted; and it is further,

Ordered that the order dated September 10, 2004, is modified, on the law, by deleting the provision thereof, upon reargument, in effect, granting the cross motion only to the extent of determining that the petitioner was entitled to a refund in the sum of $21,594.96 and granting the prior motion to the extent of determining that his refund was limited to the sum of $21,594.96 and that he was not entitled to penalties or interest, and substituting therefor a provision thereof denying the prior motion to reject the report in its entirety and granting the cross motion to confirm the report in its entirety; as so modified, the order is affirmed insofar as appealed from, the report is confirmed, and the order dated April 14, 2004, is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the petitioner.

The appeal from the order dated April 14, 2004, must be dismissed because it was superseded by the order dated September 10, 2004, made upon reargument, because no appeal lies as of right from an intermediate order in an article 78 proceeding, and because, in part, the appeal has been rendered academic.

" 'The report of a Referee should be confirmed whenever the findings are substantially supported by the record, and the Referee has clearly defined the issues and resolved matters of credibility' " (*Pittoni v Boland*, 278 AD2d 396, 396 [2000], quoting *Stone v Stone*, 229 AD2d 388 [1996]; *see Matter of Lipsky v Koplen*, 282 AD2d 462, 463 [2001]). The Judicial Hearing Officer's determination that the petitioner was entitled to a refund in the sum of $35,211.51, as well as penalties and interest, was substantially supported by the record. Specifically, the record substantially supported the Judicial Hearing Officer's determination that one of the petitioner's payments was erroneously applied to a tax debt already satisfied, and that two other payments were not verifiably applied to the petitioner's account at all. Accordingly, upon granting that branch of the petitioner's motion which was for leave to reargue, the Supreme Court should have granted in its entirety the petitioner's cross motion to confirm the report and recommendation and denied in its entirety the motion of the City of New York, Department of Finance and NYCTL 1998-2 Trust to reject the report (*see Matter of Lipsky v Koplen, supra* at 463; *Pittoni v Boland, supra* at 396; *Stone v Stone, supra* at 388).

However, the Supreme Court properly denied that branch of the petitioner's motion which was for an award of an attorney's fee (*see Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491 [1989]; *see also U.S. Underwriters Ins. Co. v City Club Hotel, LLC*, 3 NY3d 592, 597 [2004]; *Crispino v Greenpoint Mtge. Corp.*, 2 AD3d 478, 479-480 [2003]). Ritter, J.P., Krausman, Goldstein and Lifson, JJ., concur.