# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

596

CA 13-01786

PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND DEJOSEPH, JJ.

IN THE MATTER OF SANGERTOWN SQUARE, L.L.C.,
PETITIONER-RESPONDENT-APPELLANT,

V                                          MEMORANDUM AND ORDER

ASSESSOR OF TOWN OF NEW HARTFORD, TOWN OF
NEW HARTFORD AND NEW HARTFORD CENTRAL SCHOOL
DISTRICT, RESPONDENTS-APPELLANTS-RESPONDENTS.

TABNER, RYAN AND KENIRY, LLP, ALBANY (BRIAN M. QUINN OF COUNSEL), FOR
RESPONDENTS-APPELLANTS-RESPONDENTS.

GILBERTI STINZIANO HEINTZ & SMITH, P.C.,, SYRACUSE (KEVIN G. ROE OF
COUNSEL), FOR PETITIONER-RESPONDENT-APPELLANT.

---

Appeal and cross appeal from an order and judgment (one paper) of
the Supreme Court, Oneida County (Samuel D. Hester, J.), entered July
3, 2013. The order and judgment granted in part and denied in part
the motion of petitioner to confirm the Referee's report and the cross
motion of respondents to reject the Referee's report.

It is hereby ORDERED that the order and judgment so appealed from
is unanimously modified on the law by granting the motion in its
entirety and denying the cross motion in its entirety, and as modified
the order and judgment is affirmed without costs.

Memorandum: Petitioner, the owner of a mall in New Hartford,
commenced proceedings to challenge the real estate tax assessments on
its property for the tax years 2007/2008, 2008/2009, and 2009/2010. A
hearing was held before a Referee, who issued a report reducing the
tax assessments for all three years. Petitioner moved pursuant to
CPLR 4403 to confirm the report, and respondents cross-moved to reject
it, in whole or in part. Supreme Court granted in part and denied in
part both the motion and cross motion, and this appeal and cross
appeal ensued.

Contrary to respondents' contention, petitioner met its initial
burden of establishing by substantial evidence that the property was
overvalued, thus rebutting the presumption of validity of respondents'
valuation (*see generally Matter of Roth v City of Syracuse*, 21 NY3d
411, 417; *Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack*, 92
NY2d 179, 188; *Matter of Alexander's Dept. Store of Val. Stream v
Board of Assessors*, 227 AD2d 549, 550). We reject respondents'
further contention that petitioner's appraiser did not use an accepted

method of appraisal.  Although the appraisers for both petitioner and respondents utilized the income capitalization approach to value this income-producing property (*see Matter of Senpike Mall Co. v Assessor of Town of New Hartford*, 136 AD2d 19, 21), the appraisers differed in their method of calculating market rent.  Petitioner's appraiser estimated total market rental income by multiplying projected sales by the occupancy cost ratio, i.e., what tenants are willing to pay in total occupancy costs, such as base rent, real estate taxes, and common area charges, as a percentage of their retail sales.  The Referee and the court properly concluded that petitioner's appraiser utilized a recognized appraisal method (*see W.T. Grant Co. v Srogi*, 52 NY2d 496, 508-511; *Matter of White Plains Props. Corp. v Tax Assessor of City of White Plains*, 50 NY2d 839, 840-841).

Respondents further contend that the appraisal and testimony of petitioner's expert was unreliable because he failed to disclose the necessary facts, figures, and calculations that support his conclusion, in compliance with 22 NYCRR 202.59 (g) (2).  We reject that contention (*cf. Matter of Board of Mgrs. of French Oaks Condominium v Town of Amherst*, ___ NY3d ___, ___ [May 1, 2014]).

Contrary to respondents' contention, petitioner met its ultimate burden of establishing by a preponderance of the evidence that the property was overvalued (*see generally FMC Corp. [Peroxygen Chems. Div.]*, 92 NY2d at 188), and we agree with petitioner that the court erred in declining to confirm the report of the Referee in its entirety (*see Nager v Panadis*, 238 AD2d 135, 135-136; *see also Matter of Gargano v City of N.Y. Dept. of Fin.*, 26 AD3d 329, 330).  The Referee's findings were supported by the record, whereas the findings of the court wherein it rejected the Referee's findings were not supported by the record.  The Referee properly concluded that the inclusion of actual tenant tax reimbursements by respondents' appraiser in his calculation of gross income distorted the economic value of the property, as respondents' appraiser essentially conceded during his cross-examination with respect to the 2009/2010 tax year (*see generally Senpike Mall Co.*, 136 AD2d at 23).  While the Referee was able to make adjustments to the gross income estimate of respondents' appraiser in the 2009/2010 tax year, there was no testimony or evidence to support an appropriate adjustment to the tax reimbursements for the two prior tax years.  The Referee thus relied on the estimation of gross income as calculated by petitioner's appraiser for those tax years.  In relying on the estimation of gross income of respondents' appraiser for the 2007/2008 and 2008/2009 tax years, the court made an adjustment to the tax reimbursements that both parties now agree had no support in the record.

Entered:  June 13, 2014                    Frances E. Cafarell
                                           Clerk of the Court