Mortgage Elec. Registration Sys., Inc. v McVicar (2022 NY Slip Op 01785)





Mortgage Elec. Registration Sys., Inc. v McVicar


2022 NY Slip Op 01785


Decided on March 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
LARA J. GENOVESI, JJ.


2019-14011
 (Index No. 2788/04)

[*1]Mortgage Electronic Registration Systems, Inc., etc., plaintiff, 
v
John P. McVicar, etc., defendant third-party plaintiff-appellant, et al., defendant; Kurt B. Ordenbach, et al., third-party defendants-respondents.


John P. McVicar, East Hampton, NY, defendant third-party plaintiff-appellant pro se.
L'Abbate, Balkan, Colavita & Contini, LLP, Melville, NY (Matthew J. Bizzaro and Nicole Feder of counsel), for third-party defendants-respondents.



DECISION & ORDER
In an action to foreclosure a mortgage, the defendant third-party plaintiff appeals from an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated December 12, 2018. The order granted the third-party defendants' motion for summary judgment dismissing the third-party complaint.
ORDERED that the order is affirmed, with costs.
In 2004, the plaintiff commenced an action to foreclose a mortgage (hereinafter the main action) encumbering certain real property owned by the defendant John P. McVicar (hereinafter McVicar) in East Hampton. In June 2017, McVicar commenced a third-party action against Kurt B. Ordenbach, William A. Santmyer, Jayla R. Burton, and Davidson Fink, LLP, the attorneys for the plaintiff in the foreclosure action (hereinafter collectively the third-party defendants), alleging attorney misconduct in violation of Judiciary Law § 487. The third-party defendants moved for summary judgment dismissing the third-party complaint, inter alia, on the ground of collateral estoppel. The Supreme Court granted the motion, and McVicar appeals.
Contrary to McVicar's contention, the fact that the third-party defendants' supporting proof was placed before the Supreme Court by way of an attorney's affirmation annexing such proof, is not fatal to the motion (see Alvarez v Prospect Hosp., 68 NY2d 320, 325; Branch Servs., Inc. v Cooper, 102 AD3d 645, 648).
The Supreme Court properly granted the third-party defendants' motion for summary judgment dismissing the third-party complaint. The third-party defendants established that McVicar was aware of the alleged violations of Judiciary Law § 487 when they occurred, and addressed them in the course of his motions for sanctions in the main action. Since McVicar had a full and fair opportunity to address the alleged violations which were the subject of his motions for sanctions, and those motions were denied, he is barred by the doctrine of collateral estoppel from relitigating those issues (see Doscher v Mannatt, Phelps & Phillips, LLP, 148 AD3d 523, 523-524; Gillen v [*2]McCarron, 126 AD3d 670, 671; Izko Sportswear Co., Inc. v Flaum, 63 AD3d 687, 688; Stone v Curran, 245 AD2d 285; God's Battalion of Prayer Pentecostal Church, Inc. v Hollander, 24 Misc 3d 1250[A], 2009 NY Slip Op 51939[U] [Sup Ct, Nassau County], affd 82 AD3d 1156; cf. Kimbrook Rte. 31, L.L.C. v Bass, 147 AD3d 1508, 1509-1510). In opposition to the third-party defendants' prima facie showing, McVicar failed to raise a triable issue of fact.
CONNOLLY, J.P., CHAMBERS, ROMAN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court