■ JULIUS BLUMBERG, INC., Respondent, v 52 HABITAT COMPANY, Appellant. [606 NYS2d 234] —Judgment, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered October 13, 1992, which *inter alia,* confirmed the Special Referee's report and declared that defendant released plaintiff from any and all liability for the stepped-up rent claim, unanimously affirmed, without costs or disbursements.

On September 25, 1989, as part of a settlement in a prior action between the parties, defendant-landlord executed a release which contained the qualification that its "rights to any accrued but unbilled rent and/or additional rent for water charges[,] * * * for sprinkler supervisory service * * * and real estate taxes * * * shall not be extinguished by this Release." By invoice dated January 25, 1990, defendant billed tenant $55,139.07, which represented a claim for accrued but previously unbilled base rent owing as of the date of the release and up until January 1990. Plaintiff failed to pay this sum and, after defendant commenced a summary proceeding in Civil Court for non-payment, instituted this action, contending that the terms of the release precluded defendant's claim for back rent. Thereafter, the Referee, to whom the matter was referred for a hearing to determine the meaning of the language of the release, determined that the release was intended to extinguish the right to sue for any additional rent found to be due. Defendant appeals from the judgment confirming the Referee's report and declaring that plaintiff is released from any and all liability for the stepped-up rent claim.

The language of the release is ambiguous, since it is not clear whether the phrase "accrued but unbilled rent and/or additional rent" relates only to rent for water charges, sprinkler supervisory service and real estate taxes or whether it relates to the base rent as well. Accordingly, extrinsic evidence was properly admitted to clarify its meaning. While the order of reference did not explicitly state that the release is ambiguous, the court's statement that "[a] hearing is necessary to determine the intention of the parties and the meaning of the language" of the release clearly implies such a conclusion.

Under the express terms of the release, plaintiff is discharged only from liability for claims defendant may have up

until the date it was executed. Therefore, while the judgment released the plaintiff from "any and all" liability for the stepped-up rent claim, it should be noted that said judgment does not preclude a claim which accrued after September 25, 1989. Concur—Sullivan, J. P., Asch, Rubin and Nardelli, JJ.