■ SAGE REALTY CORPORATION et al., Appellants, v PROSKAUER ROSE L. L. P., Respondent, et al., Defendant. [732

NYS2d 162] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered on or about February 8, 2001, which, to the extent appealed from as limited by the brief, granted in part defendant law firm's motion to reject the report of the Special Referee, directed judgment against plaintiffs and in favor of defendant law firm in the amount of $484,377.14, and entitled defendant law firm "to recover those fees incurred in the pursuit of obtaining fees awarded by [the motion] court," unanimously modified, on the law, to vacate the quoted provision authorizing the law firm's recovery of a fee on a fee, and otherwise affirmed, with costs to defendant-respondent payable by plaintiffs.

The motion court was vested with broad power to accept or reject the Special Referee's report, including the power to make its own findings (*see, Interlink Metals & Chems. v Kazdan*, 222 AD2d 55, 59), and we do not find that power to have been improvidently exercised. Even if we were to countenance an argument by plaintiffs-appellants that no attorney fee award should be made, after they expressly confined their brief to an argument that we should confirm the Referee's award of $100,000, we would find that, because appellants have previously been found by this Court to have committed acts thoroughly warranting CPLR 3126 sanctions (*see, Sage Realty Corp. v Proskauer Rose*, 275 AD2d 11, 16), the motion court had discretion to award attorney fees as such a sanction, and did not award an arbitrary amount (*cf., Fontanella v Fontanella*, 167 AD2d 185). The motion court did not overly expand the scope of the original order of reference, which authorized consideration both of matters expressly stated and clearly implied therein (*see, Julius Blumberg, Inc. v 52 Habitat Co.*, 200 AD2d 482). Since the motion court reviewed the appropriate factors (*see, Matter of Karp*, 145 AD2d 208, 215), there is no reason to disturb the amount of fees awarded (*see, Antzakas v Farmland Dairies*, 202 AD2d 324, 325).

We find, however, that recovery of "fees on fees" should not be permitted under the circumstances of this case. It has been established that an award of fees on fees must be based on a statute or on an agreement (*see, Hempstead Gen. Hosp. v Allstate Ins. Co.*, 106 AD2d 429, 431, *affd* 64 NY2d 958), and CPLR 3126, although relied upon by the motion court to authorize a fees on fees award in this matter, does not explicitly grant courts authority to award fees on fees, but only the general authority to impose such sanctions as "are just."

We have considered appellants' remaining arguments and find them unavailing. Concur—Sullivan, P. J., Rosenberger, Tom, Wallach and Rubin, JJ.