■ J. Leonard Spodek, Appellant, v Joshua Feibusch et al., Respondents. [865 NYS2d 575]—In a consolidated action for a judicial accounting of certain partnerships, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (Austin, J.), entered February 20, 2007, as, upon an order of the same court dated November 27, 2006, denying his motion to modify or disaffirm the report of a referee (Zingman, R.), dated May 18, 2006, which, inter alia, recommended certain distributions of partnership assets, and granting that branch of the defendants' cross motion which was to confirm the report, and upon a consent order of the same court dated January 31, 2007, directing the distribution of partnership assets to the parties, among others, confirmed the report, and is, in effect, in favor of the defendants and against him dismissing the cause of action seeking to annul an accord and satisfaction dated August 16, 1991.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

A referee's report "should be confirmed whenever the findings are substantially supported by the record, and the Referee has clearly defined the issues and resolved matters of credibility" (Stone v Stone, 229 AD2d 388, 388 [1996]; see Matter of County Conduit Corp., 49 AD3d 641 [2008]; Thomas v Thomas, 21 AD3d 949, 949 [2005]). Here, the record substantially supports the referee's findings that the parties entered into a valid and enforceable accord and satisfaction pursuant to which the plaintiff released the defendants from any claims arising prior to August 16, 1991, with respect to the capital accounts of the partnership at issue (see Birnbaum v Birnbaum, 73 NY2d 461, 466 [1989]; Merrill Lynch Realty/Carll Burr, Inc. v Skinner, 63 NY2d 590, 596 [1984]; Gibbs v Moore, 46 AD3d 612, 612 [2007]). Rivera, J.P., Lifson, Miller and Eng, JJ., concur. [See 14 Misc 3d 1209(A), 2006 NY Slip Op 52456(U).]