*642 In an action, inter alia, to recover damages for breach of a lease, the defendant appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Schulman, J.) entered May 24, 2012, as granted the plaintiffs’ motion to confirm a referee’s report (Kugelman, Ct. Atty. Ref.) dated September 12, 2011, made after a hearing, recommending that the plaintiffs be awarded an attorney’s fee in the sum of $654,490.39, to the extent of awarding them an attorney’s fee in the sum of $648,857.86, and is in favor of the plaintiffs and against it in the sum of $648,857.86.
Ordered that the order and judgment is reversed insofar as appealed from, on the law, with costs, the plaintiffs’ motion to confirm the referee’s report is denied, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith.
The plaintiffs and the defendant are the successors-in-interest to the landlord and tenant, respectively, under a lease dated February 11, 1948, entered into between R.H. Macy & Co., Inc., as landlord, and Jamkay Realty Corp., as tenant, as amended by a supplemental indenture dated January 1, 1979 (hereinafter the lease). The lease provided that, if it were renewed, the parties would engage in an appraisal process to determine the amount of rent payable during the term of the renewed lease.
In 1999, the plaintiffs commenced this action alleging, inter alia, that the defendant breached the lease by refusing to participate in the appraisal process for setting the amount of rent payable during the renewed lease term for the period of January 1, 1994, through December 31, 2008. The plaintiffs also asserted causes of action to recover rent arrears and an attorney’s fee pursuant to the lease. On a prior appeal, this Court modified an order of the Supreme Court, Queens County, dated November 18, 2003, and granted the plaintiffs’ motion, in effect, for summary judgment on their causes of action for a declaration that the defendant was obligated to participate in the appraisal procedure set forth in the lease and for specific performance of the appraisal process. This Court concluded that the precise amount of unpaid rent owed and the amount of the attorney’s fee the plaintiffs were entitled to pursuant to the lease could not be determined until the appraisal procedure had been completed. Consequently, this Court remitted the matter to the Supreme Court, Queens County, inter alia, for the completion of the appraisal procedure and further proceedings on the remaining causes of action (see IG Second Generation Partners, LP v Kaygreen Realty Co., 22 AD3d 463 [2005]).
Thereafter, the parties, among other things, completed the *643 appraisal process and agreed to submit the issue of the amount of the attorney’s fee to a referee to hear and report. After a hearing, the referee issued a report recommending, inter alia, that the plaintiffs be awarded an attorney’s fee in the sum of $654,490.39. The Supreme Court granted the plaintiffs’ motion to confirm the referee’s report to the extent of awarding them an attorney’s fee in the sum of $648,857.86.
Generally, the recommendations and report of a referee should be confirmed as long as they are substantially supported by the record and the referee has clearly defined the issues and resolved matters of credibility (see Spodek v Feibusch, 55 AD3d 903, 903 [2008]; Matter of County Conduit Corp., 49 AD3d 641, 641 [2008]; Stone v Stone, 229 AD2d 388, 388 [1996]).
Here, the referee’s recommendation with respect to the award of an attorney’s fee included amounts for legal fees and costs incurred by the plaintiffs in prosecuting their claim for an award of an attorney’s fee, or so called “fees on fees.” In New York, an attorney’s fee is “ ‘merely an incident of litigation and is not recoverable absent a specific contractual provision or statutory authority’ ” (214 Wall St. Assoc., LLC v Medical Arts-Huntington Realty, 99 AD3d 988, 990 [2012], quoting Levine v Infidelity, Inc., 2 AD3d 691, 692 [2003]; see Matter of A.G. Ship Maintenance Corp. v Lezak, 69 NY2d 1, 5 [1986]). An award of fees on fees also must be based upon a specific contractual provision or statute (see 546-552 W. 146th St. LLC v Arfa, 99 AD3d 117, 120 [2012]; Sage Realty Corp. v Proskauer Rose, 288 AD2d 14, 15 [2001]). Consequently, where “a party is under no legal duty to indemnify, a contract assuming that obligation must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed” (Hooper Assoc. v AGS Computers, 74 NY2d 487, 491 [1989]).
The relevant provision of the lease, article VII, section 2, does not contain clear language expressly providing for an award of fees on fees, or any reference to fees incurred to recover counsel fees. Given the absence of unmistakably clear intent regarding the recovery of fees on fees, a right to recover those fees should not be implied (see 214 Wall St. Assoc., LLC v Medical Arts-Huntington Realty, 99 AD3d at 990; 546-552 W. 146th St. LLC v Arfa, 99 AD3d at 122; Swiss Credit Bank v International Bank, 23 Misc 2d 572, 573-574 [Sup Ct, NY County 1960]). Accordingly, the Supreme Court erred in granting the plaintiffs motion to confirm the referee’s report, as the recommendation included an award of fees on fees.
As the plaintiffs are entitled to an award of an attorney’s fee, we remit the matter to the Supreme Court, Queens County, for *644 a new hearing on the amount of a reasonable attorney’s fee arising solely from the prosecution of this action, without the inclusion of legal fees incurred in prosecuting the plaintiffs’ claim for legal fees, followed by a new report, further proceedings pursuant to CPLR 4403, and the entry of an appropriate amended judgment thereafter (see Pickett v Gibbs, 80 AD3d 592, 593 [2011]; Kaygreen Realty Co., LLC v IG Second Generation Partners, L.P., 78 AD3d 1010 [2010]).
The defendant’s remaining contentions are without merit. Rivera, J.P, Dillon, Roman and Miller, JJ., concur.