■ John Doe, an Infant, by His Mother and Natural Guardian, Jane Doe, et al., Plaintiffs, v Mesivta Bais Yisroel et al., Defendants. Law Office of Gerald P. Gross, Nonparty Appellant; Eric H. Green, Nonparty Respondent. [16 NYS3d 754]—In an action to recover damages for personal injuries, etc., nonparty Law Office of Gerald P. Gross appeals from an order

of the Supreme Court, Kings County (Solomon, J.), dated June 26, 2014, which denied its motion, in effect, to reject the report of a Referee (Kurtz, Ct. Atty Ref.) dated February 21, 2014, made after a hearing, awarding it only 75% of a certain attorney's fee, and granted the cross motion of nonparty Eric H. Green to confirm that report.

Ordered that the order is affirmed, with costs.

This appeal concerns a dispute over the division of a contingency fee between the plaintiffs' outgoing and incoming counsel. The Supreme Court denied the nonparty appellant's motion, in effect, to reject the report of a Referee dated February 21, 2014, awarding it only 75% of the fee, and granted the cross motion of nonparty Eric H. Green to confirm that report.

Generally, a referee's report should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility (see *IG Second Generation Partners, L.P. v Kaygreen Realty Co.*, 114 AD3d 641, 642 [2014]; *Last Time Beverage Corp. v F & v Distrib. Co., LLC*, 98 AD3d 947, 950 [2012]; *Spodek v Feibusch*, 55 AD3d 903, 903 [2008]). A referee's credibility determinations are entitled to great weight because, as the trier of fact, he or she has the opportunity to see and hear the witnesses and to observe their demeanor (see *Last Time Beverage Corp. v F & v Distrib. Co., LLC*, 98 AD3d at 950; *Galasso, Langione & Botter, LLP v Galasso*, 89 AD3d 897, 898 [2011]).

Here, the record substantially supports the Referee's determination that Green was entitled to 25% of the contingency fee. Although the nonparty appellant correctly contends that the Referee erred when she determined that Green had attended a mediation session held after the nonparty appellant took over representation of the plaintiffs, this error does not warrant a re-apportionment of the contingency fee.

Accordingly, the Supreme Court properly denied the nonparty appellant's motion, in effect, to reject the Referee's report, and properly granted Green's cross motion to confirm that report. Mastro, J.P., Leventhal, Roman and Miller, JJ., concur.