Faistman v Faistman (2018 NY Slip Op 07094)





Faistman v Faistman


2018 NY Slip Op 07094


Decided on October 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SANDRA L. SGROI
HECTOR D. LASALLE
BETSY BARROS, JJ.


2015-04130
 (Index No. 36248/06)

[*1]Rolando Faistman, appellant, 
v
Sabrina Faistman, respondent.


Rolando Faistman, Brooklyn, NY, appellant pro se.
A.A. Castro Complex Litigation, Appeals, and Negotiation, PLLC, New York, NY (Angel A. Castro III of counsel), for respondent.



DECISION & ORDER
In a matrimonial action, the plaintiff appeals from stated portions of an order of the Supreme Court, Kings County (Jeffrey S. Sunshine, J.), dated February 27, 2015. The order, inter alia, denied those branches of the plaintiff's motion which were to reject a referee's recommendations and report, and to set aside the parties' stipulation of settlement, and granted that branch of the defendant's cross motion which was to confirm the referee's recommendations and report.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The parties entered into a stipulation of settlement dated December 6, 2007, which provided, inter alia, that the defendant would provide a limited power of attorney to the plaintiff, to be held in escrow by his attorney, in order to facilitate the sale or refinancing of an apartment condominium that was marital property.
In 2012, the defendant moved, inter alia, to hold the plaintiff in contempt for failing to refinance or sell the apartment. The plaintiff moved, inter alia, to hold the defendant in contempt for failing to provide him with the power of attorney. The referee's report issued after a hearing recommended, inter alia, denying that branch of the plaintiff's motion which was to hold the defendant in contempt for failing to provide him with the power of attorney. Thereafter, the plaintiff moved, inter alia, to reject the referee's recommendations and report, and to set aside the parties' stipulation as the product of fraud, and the defendant cross-moved, inter alia, to confirm the referee's recommendations and report. By order dated February 27, 2015, the Supreme Court, inter alia, denied those branches of the plaintiff's motion which were to reject the referee's recommendations and report and to set aside the parties' stipulation, and granted that branch of the defendant's cross motion which was to confirm the referee's recommendations and report.
"An agreement between spouses which is fair on its face will be enforced according to its terms unless there is proof of unconscionability, or fraud, duress, overreaching, or other inequitable conduct" (McKenna v McKenna, 121 AD3d 864, 865; see Christian v Christian, 42 NY2d 63, 73). A party seeking to set aside the stipulation has the burden of showing that its terms were the result of fraud, duress, or overreaching, or that its terms were unconscionable (see Cervera [*2]v Bressler, 85 AD3d 839, 841; Sweeney v Sweeney, 71 AD3d 989). Here, the plaintiff failed to meet his burden of showing that the stipulation was the product of fraud.
"The recommendations and report of a referee will not be disturbed when they are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility" (Hudson v Smith, 127 AD3d 816, 816; see Spodek v Feibusch, 55 AD3d 903; Thomas v Thomas, 21 AD3d 949). Here, the record substantially supports the referee's finding that there was insufficient evidence to demonstrate that the defendant failed to provide the plaintiff with the power of attorney.
The plaintiff's remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination denying those branches of the plaintiff's motion which were to reject a referee's recommendations and report, and to set aside the parties' stipulation of settlement, and granting that branch of the defendant's cross motion which was to confirm the referee's recommendations and report (see Rosselli v Passalacqua, 163 AD3d 596).
BALKIN, J.P., SGROI, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court