Minelli Constr. Co., Inc. v New York City Sch. Constr. Auth. (2018 NY Slip Op 08290)





Minelli Constr. Co., Inc. v New York City Sch. Constr. Auth.


2018 NY Slip Op 08290


Decided on December 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2015-11047
 (Index No. 28844/09)

[*1]Minelli Construction Co., Inc., respondent,
v
New York City School Construction Authority, appellant.


Zachary W. Carter, Corporation Counsel, New York, NY (Fay Ng and Jonathan A. Popolow of counsel), for appellant.
Melvin J. Kalish, PLLC, Mineola, NY (Joshua S. Hackman of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Queens County (Martin J. Schulman, J.), dated September 11, 2015. The order granted the plaintiff's motion to confirm the report of a referee (Elizabeth Anderson, Ct. Atty. Ref.) dated December 18, 2014, made after a hearing, and denied the defendant's cross motion to reject the report.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for breach of contract. Following commencement of the action, the Supreme Court referred the matter to a referee to hear and report. After a hearing, the referee issued a report and recommended that the court find that the defendant breached its contract with the plaintiff. Thereafter, the plaintiff moved pursuant to CPLR 4403 to confirm the report, and the defendant cross-moved to reject the report. The court granted the plaintiff's motion and denied the defendant's cross motion. The defendant appeals.
"Generally, a referee's report should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility" (Doe v Yisroel, 131 AD3d 1097, 1098; see IG Second Generation Partners, L.P. v Kaygreen Realty Co., 114 AD3d 641, 642; Last Time Beverage Corp. v F & V Distrib. Co., LLC, 98 AD3d 947, 950; Spodek v Feibusch, 55 AD3d 903, 903). "A referee's credibility determinations are entitled to great weight because, as the trier of fact, he or she has the opportunity to see and hear the witnesses and to observe their demeanor" (Matter of Piller v Schwimmer, 135 AD3d 766, 769 [internal quotation marks omitted]; see Galasso, Langione & Botter, LLP v Galasso, 89 AD3d 897, 898). Here, the referee's finding that the defendant breached its contract with the plaintiff is substantially supported by the record (see Consedine v Portville Cent. School Dist., 12 NY3d 286; Beal Sav. Bank v Sommer, 8 NY3d 318, 324; CNR Healthcare Network, Inc. v 86 Lefferts Corp., 59 AD3d 486, 489; Slamow v Del Col, 174 AD2d 725, 726, affd 79 NY2d 1016; [*2]Gottlieb v 180 Hartsdale Assoc., 119 AD2d 542, 543). Accordingly, we agree with the Supreme Court's determination to grant the plaintiff's motion to confirm the referee's report and to deny the defendant's cross motion to reject the report.
SCHEINKMAN, P.J., MASTRO, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court