Hawthorne Funding, LLC v Karish Kapital, LLC (2021 NY Slip Op 01399)





Hawthorne Funding, LLC v Karish Kapital, LLC


2021 NY Slip Op 01399


Decided on March 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-08639
 (Index No. 602151/19)

[*1]Hawthorne Funding, LLC, appellant,
v
Karish Kapital, LLC, respondent.


Andrew Citron, New York, NY, for appellant.
Berger Fink LLP, New York, NY (David M. Berger, Jason M. Fink, and Leslie Perez-Bennie of counsel), for respondent.



DECISION & ORDER
In an action for an accounting, the plaintiff appeals from an order of the Supreme Court, Nassau County (Arthur M. Diamond, J.), entered June 27, 2019. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
The parties entered into a master participation agreement pursuant to which the defendant offered the plaintiff the opportunity to participate in the recovery of merchant cash advance transactions purchased by the defendant. The agreement defined the parties' relationship as that of seller and purchaser, and provided that the plaintiff, as the so-called purchaser, was not relying on the advice or judgment of the defendant and waived any claim based on its reliance on any statement of the defendant concerning merchants to whom it made cash advances.
The plaintiff commenced this action, asserting only a cause of action for an accounting. The defendant moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint, arguing that the lack of a fiduciary relationship between the parties was fatal to the cause of action for an accounting. The Supreme Court granted the motion, and the plaintiff appeals.
The plaintiff's allegation of a fiduciary relationship between it and the defendant is directly refuted by the parties' agreement, which was an arm's length business transaction between sophisticated business people and which did not create any fiduciary duty (see ABL Advisor LLC v Peck, 147 AD3d 689, 691). Moreover, the plaintiff did not allege any special circumstances warranting an accounting in the interest of justice (see Saul v Cahan, 153 AD3d 947, 949).
Accordingly, the Supreme Court properly granted the defendant's motion to dismiss the complaint.
MASTRO, A.P.J., HINDS-RADIX, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court