Matter of Lillian G. (Steven G.--Gary G.) (2022 NY Slip Op 05085)

Matter of Lillian G. (Steven G.--Gary G.)

2022 NY Slip Op 05085

Decided on August 31, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 31, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.

2019-01028 
2019-04284
2019-09786
 (Index No. 100321/16)

[*1]In the Matter of Lillian G. (Anonymous). Steven G. (Anonymous), petitioner-respondent; Gary G. (Anonymous), appellant; Judy Mock, etc., et al., respondents.

Mischel & Horn, P.C., New York, NY (Scott T. Horn of counsel), for appellant.
Armstrong & Lamberti, PLLC, Staten Island, NY (Anthony J. Lamberti of counsel), for petitioner-respondent.

DECISION & ORDER
In a guardianship proceeding pursuant to Mental Hygiene Law article 81, Gary G. appeals from (1) an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated December 6, 2018, (2) an order of the same court dated March 27, 2019, and (3) an order of the same court dated July 17, 2019. The order dated December 6, 2018, denied the motion of Gary G. for leave to reargue, inter alia, his opposition to that branch of the petitioner's cross motion which was for an award of costs and attorneys' fees pursuant to 22 NYCRR 130-1.1, which had been granted in a prior order of the same court (Leon Ruchelsman, J.) dated March 12, 2018. The order dated March 27, 2019, upon the order dated March 12, 2018, granting those branches of the petitioner's cross motion which were to remove Gary G. as the co-guardian of the person of Lillian G. and for an award of costs and attorneys' fees pursuant to 22 NYCRR 130-1.1, awarded costs and attorneys' fees to the petitioner in the sum of $15,900 and to the guardian of the property of Lillian G. in the sum of $33,127.40. The order dated July 17, 2019, insofar as appealed from, in effect, upon reargument, adhered to the determination in the order dated March 27, 2019.
ORDERED that the appeal from the order dated December 6, 2018, is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the appeal from the order dated March 27, 2019, is reversed, on the law and the facts, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a hearing and determination of the amount of costs and attorneys' fees paid or incurred by the petitioner and the guardian of the property of Lillian G.; and it is further,
ORDERED that the appeal from the order dated June 17, 2019, is dismissed as academic, without costs or disbursements, in light of the determination on the appeal from the order dated March 27, 2019.
The petitioner commenced this proceeding pursuant to Mental Hygiene Law article [*2]81 to appoint a guardian for the person and property of Lillian G. (hereinafter Lillian), his mother, an alleged incapacitated person. In an order and judgment dated June 19, 2017, the Supreme Court, inter alia, adjudged Lillian to be an incapacitated person, and, following a stipulation by, among others, the petitioner and his brother Gary G. (hereinafter Gary), appointed Judy Mock as the guardian of the property of Lillian and the petitioner and Gary as co-guardians of the person of Lillian.
In an order dated October 24, 2017, the Supreme Court directed Mock to reimburse Gary for legal fees in the sum of $28,500 from the guardianship estate. Subsequently, Gary moved to hold Mock in contempt of court for failing to reimburse him. The petitioner cross-moved, inter alia, to remove Gary as co-guardian of the person of Lillian and for an award of costs and attorneys' fees pursuant to 22 NYCRR 130-1.1 against Gary for bringing the allegedly frivolous contempt motion. In an order dated March 12, 2018, the court, inter alia, granted that branch of the petitioner's motion which was to remove Gary as co-guardian of the person of Lillian, and determined, in effect, that Gary's motion to hold Mock in contempt of court was frivolous, and that the petitioner and Mock were entitled to an award of costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorneys' fees pursuant to 22 NYCRR 130-1.1 against Gary. The court further determined that, pursuant to Mental Hygiene Law § 81.35, the petitioner would be entitled to recover attorneys' fees incurred on that branch of his cross motion which was to remove Gary as co-guardian of the person of Lillian. Since neither the petitioner nor Mock had submitted any evidence to establish reasonable costs and attorneys' fees, the court directed that a hearing would be held to determine those amounts.
Gary did not appeal from the order dated March 12, 2018. He moved for leave to reargue, inter alia, his opposition to that branch of the petitioner's cross motion which was for an award of costs and attorneys' fees pursuant to 22 NYCRR 130-1.1. In an order dated December 6, 2018, the Supreme Court denied leave to reargue.
While the motion for leave to reargue was pending, Lillian died on June 18, 2018. Thereafter, the petitioner filed a notice of settlement, and submitted therewith a request for costs and attorneys' fees pursuant to the order dated March 12, 2018. Mock also submitted documents requesting an award of costs and attorneys fees pursuant to the order dated March 12, 2018. Gary opposed the applications, arguing, inter alia, that neither the petitioner nor Mock had submitted sufficient evidence of attorneys' fees incurred due to his allegedly frivolous conduct. In an order dated March 27, 2019, the Supreme Court awarded the petitioner the principal sum of $15,900 and Mock the principal sum of $33,127.40.
Gary subsequently moved for leave to reargue his opposition to the amount of costs and attorneys' fees requested by the petitioner and Mock. In an order dated July 17, 2019, the Supreme Court, in effect, upon reargument, adhered to its original determination in the order dated March 27, 2019.
Gary appeals from the order dated December 6, 2018, the order dated March 27, 2019, and the order dated July 17, 2019.
The appeal from the order dated December 6, 2018, must be dismissed, as the denial of a motion for leave to reargue is not appealable (see Sanabria v NYSARC, Inc., 204 AD3d 716, 718; Bank of N.Y. Mellon v Lewis, 200 AD3d 969).
"Before ordering one party to pay another party's attorneys' fees, the court always has the authority and responsibility to determine that the claim for fees is reasonable" (Prilik v Petro Home Servs., 203 AD3d 969, 970 [internal quotation marks omitted]). In New York, attorneys' fees are "merely an incident of litigation and [are] not recoverable absent a specific contractual provision or statutory authority" (Levine v Infidelity, Inc., 2 AD3d 691, 692; see 214 Wall St. Assoc., LLC v Medical Arts-Huntington Realty, 99 AD3d 988, 990).
Here, in the order dated March 12, 2018, the Supreme Court determined that the [*3]petitioner and Mock were entitled to reasonable costs and attorneys' fees pursuant to 22 NYCRR 130-1.1 in relation to Gary's motion to hold Mock in contempt, and that the petitioner was entitled to reasonable attorneys' fees pursuant to Mental Hygiene Law § 81.35 for successfully moving to remove Gary as the co-guardian of the person of Lillian. 22 NYCRR 130-1.1(a) provides in relevant part that the court, in its discretion, may award "costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees, resulting from frivolous conduct." Pursuant to Mental Hygiene Law § 81.35, the court may fix the compensation of any attorney or person prosecuting a motion to remove a guardian and may compel the guardian to pay personally the costs of the motion if granted.
Pursuant to 22 NYCRR 130-1.2, "[t]he court may award costs or impose sanctions or both only upon a written decision setting forth the conduct on which the award or imposition is based, the reasons why the court found the conduct to be frivolous, and the reasons why the court found the amount awarded or imposed to be appropriate." Here, the Supreme Court erred in failing to set forth in its order dated March 27, 2019, the reasons why it found the amount awarded to be appropriate. Accordingly, the matter must be remitted to the Supreme Court, Kings County, so that it may set forth the basis for its award as required by 22 NYCRR 130-1.2 (see Merchant Cash & Capital, LLC v Blueshyft, Inc., 175 AD3d 603, 605; Tropeano v Tropeano, 35 AD3d 444, 445; cf. Duncan v Popoli, 105 AD3d 803, 805).
In addition, the amount of costs and attorneys' fees recoverable pursuant to the order dated March 12, 2018, are limited to the costs and attorneys' fees associated with Gary's motion to hold Mock in contempt and that branch of the petitioner's cross motion which was to remove Gary as the co-guardian of the personal needs of Lillian. However, in support of their respective requests for costs and attorneys' fees, both the petitioner and Mock improperly included hours which exceeded the scope of the order dated March 12, 2018. Further, an award of attorneys' fees for the costs incurred in prosecuting a claim for an award of attorneys' fees, so called "fees on fees," must be based upon a specific contractual provision or statute (see IG Second Generation Partners, L.P. v Kaygreen Realty Co., 114 AD3d 641, 643). "Given the absence of unmistakably clear intent regarding the recovery of fees on fees, a right to recover those fees should not be implied" (id. at 643). Thus, the petitioner and Mock are not entitled to an award of such fees.
Further, this matter must be remitted for a hearing since the attorney affirmations submitted in support of the requests for attorneys' fees contain entries that are vague and which must be shown to be relevant only to the matter for which the Supreme Court awarded costs and attorneys' fees against Gary (see Altadonna v Accord Contr. & Mgt. Corp., 148 AD3d 764, 765; Delidimitropoulos v Karantinidis, 142 AD3d 1038, 1040).
Gary's remaining contentions concerning the order dated March 27, 2019, are without merit.
BRATHWAITE NELSON, J.P., CHAMBERS, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court