Kyowa Seni, Co., Ltd. v Ana Aircraft Technics, Co., Ltd. (2024 NY Slip Op 50790(U))

[*1]

Kyowa Seni, Co., Ltd. v Ana Aircraft Technics, Co., Ltd.

2024 NY Slip Op 50790(U)

Decided on June 27, 2024

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 27, 2024
Supreme Court, New York County

Kyowa Seni, Co., Ltd., Plaintiff,

against
Ana Aircraft Technics, Co., Ltd., ANA BASE MAINTENANCE TECHNICS, CO., LTD., ALL NIPPON AIRWAYS, CO. LTD, ANA HOLDINGS, INC., and ALL NIPPON AIRWAYS CO., LTD., Defendants.

Index No. 650589/2017

Attorneys for Plaintiff:
Florence Rostami of FLORENCE ROSTAMI LAW LLC
Attorneys for the Defendants:
Jason C. Rubinstein of FRIEDMAN KAPLAN SEILER & ADELMAN LLP
Edward A. Friedman of FRIEDMAN KAPLAN SEILER & ADELMAN LLP

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 005) 235, 236, 237, 238, 239, 240, 241, 242, 243, 244, 245, 246, 247, 248, 249, 250, 251, 252, 253, 254, 255, 256, 257, 258, 259, 260, 261, 262, 263, 264, 265, 266, 267, 268, 269, 270, 271, 272, 273, 274, 275, 276, 277, 278, 279, 280, 281, 282, 283, 284, 285, 286, 287, 288, 289, 290, 291, 292, 293, [*2]294, 295, 296, 297, 298, 299, 300, 301, 302, 303, 304, 305, 306, 307, 308, 309, 310, 311, 312, 316 were read on this motion for REFERENCE - HEAR & DETERMINE.
Plaintiff Kyowa Seni, Co., Ltd. (Kyowa) brings this action against defendants alleging fraud. By decision and order dated July 5, 2018, this court, by Scarpulla, J., granted defendants' motion for sanctions against plaintiff (mot. seq. no. 002), pursuant to 22 NYCRR 130-1.1, for bringing a frivolous action, holding that the complaint was meritless and without a good faith basis. The matter of the amount of reasonable attorneys' fees to be awarded to defendants was referred to a Special Referee. In motion sequence number 005, plaintiff moves pursuant to CPLR 4403 for an order rejecting in part and confirming in part the Report and Recommendation of the Referee and rendering the court's own award. For the reasons set forth herein, the motion is granted in part.
I. BACKGROUND
On February 2, 2017, plaintiff commenced this lawsuit, alleging that, in a business relationship between the parties to produce seat covers for defendants' airplanes, defendants made material misrepresentations about their authority with the Federal Aviation Administration and improperly terminated the parties' contract.
On July 5, 2018, the court, by Scarpulla, J., granted defendants' motion to dismiss the complaint (seq. no. 001) based on lack of personal jurisdiction over defendants, additionally observing that the other dismissal grounds raised by defendants, including res judicata, documentary evidence, statute of limitations, failure to state a cause of action, and forum non conveniens, were "equally meritorious" (NYSCEF doc. no. 171 at 11). In addition, the court granted defendants' motion for sanctions against plaintiff pursuant to 22 NYCRR 130-1.1, holding that the action was "meritless and without a good faith basis" and "frivolous" within the meaning of the statute (id. at 12). The court observed that "[t]here is simply no basis for a New York court to assert jurisdiction over a dispute between Japanese entities, a dispute which has no specific connection to New York or its citizens," and, further, that "Kyowa commenced this second litigation in New York even though the dispute was already fully litigated in Japan" (id. at 12). In addition, the court observed that, although it "asked Kyowa to voluntarily withdraw this action" at oral argument, plaintiff refused (id. at 11).
In the order, the court held that defendants should be awarded "attorney's fees and costs reasonably incurred by [defendants] in litigating the action before [the court]" and directed that "a hearing shall be conducted before a Special Referee" to determine "the amount of reasonable attorney's fees and costs to be awarded" to defendants (id. at 14). The court also announced that it would "enter a separate judgment in favor of defendants after receiving the report of the Special Referee and a motion to confirm the report" (id. at 15).
Pursuant to the court's order, eight days of hearings were held before Judicial Hearing Officer (JHO) Judge Philip S. Straniere, from December 11, 2018 to May 23, 2019. Before a ninth session was to take place, the parties appeared for an oral argument before Justice Scarpulla on June 12, 2019 regarding plaintiff's motion to compel defendants' expert to testify at the attorneys' fee hearings. The court denied the motion.
During the oral argument, the court made additional observations about the amount of fees defendants were pursuing at the fee hearings, which was over $700,000. There, the court expressed that "it was definitely not my intention . . . to award anything like that in fees" and [*3]that "$700,000 is so out of the ballpark of what I would award on a single case on a single motion to dismiss which was granted" (affirmation of plaintiff's counsel, exhibit 3 at 2-3, 7). The court observed that "[t]his is . . . a one motion case" and that, "[t]o even think that I would consider awarding $700,000 in a one motion to dismiss simple case of jurisdiction and res judicata, neither of which are particularly novel issues, is absurd" (id. at 7). Notably, the court also observed, "[i]t's not the cost for the action. It's the cost for the motion. Don't forget that. It's the cost for the motion. That's what I'm looking at" (id. at 8).
On July 11, 2019, plaintiff's counsel submitted to the JHO a post-hearing brief (affirmation of plaintiff's counsel, exhibit 4), in which plaintiff represented that it was the court's view that attorney's fees and costs should be awarded only with respect to the motion practice on the motion to dismiss. Plaintiff also argued that the award should be restricted further to motion practice only on the issues of personal jurisdiction and res judicata.
On November 25, 2019, the JHO issued a report declaring that defendants should be compensated in the amount of $352,991.19, which consisted of fees and disbursements billed by and paid to defendants' New York-based counsel, Friedman Kaplan Seiler & Adelman, LLP (Friedman Kaplan) after the commencement of the action, for its work on the motion to dismiss ($180,993.25), its work from Nov 2017 to Apr 2018 ($59,425.35), and for its work with respect to the fee hearing ($30,851.84); and fees billed by and paid to defendants' Japan-based counsel, the Law Offices of Douglas Freeman (Douglas Freeman) ($81,720.75)—with interest at 9% per annum from July 5, 2018. The JHO recommended that, if the judgment was not satisfied within 60 days of the recommendation, defendants should instead be entitled to $433,459.80, adding the two law firms' charges from before the commencement of the action.
In this motion, plaintiff asks this court to reject any parts of the award that are for services other than on the motion to dismiss on the issues of personal jurisdiction and res judicata. Additionally, Kyowa asks this Court to reject the JHO's recommendation of an alternative award in the event that plaintiff fails to pay the recommendation within 60 days of the Report. On the other hand, plaintiff asks the court to confirm that the Yamamoto expert fee is not recoverable and that defendants are not entitled to any pre-litigation fees.
Defendants oppose the motion to the extent of asking the court to confirm the recommended award of $402,607.96, which consists of fees billed by and paid to Friedman Kaplan and Douglas Freeman for their work before and after the commencement of the action, with the exception that defendants do not oppose the rejection of an award for Friedman Kaplan's fees for work with respect to the fee hearing.
In addition, defendants suggest that plaintiff may pay $322,139.35 plus interest, consisting only of post-litigation fees, if they do so within 60 days of entry of the court's judgment.
On October 6, 2020, due to Justice Scarpulla's elevation to the Appellate Division, First Department, this action was reassigned to Hon. O. Peter Sherwood. Approximately six months later, following Justice Sherwood's retirement, the case was reassigned again to this Justice.

 II. DISCUSSION
22 NYCRR 130-1.1 permits the court to award to any party "costs in the form of reimbursement for . . . reasonable attorney's fees, resulting from frivolous conduct," defined as conduct that is "completely without merit in law and cannot be supported by a reasonable [*4]argument for an extension, modification or reversal of existing law."
When a matter is referred to a referee, the referee's authority may be specified or limited by the order of reference (CPLR 4311), and, if the referee exceeds the authority thus granted, the referee's report must be rejected (see Furman v Wells Fargo Home Mtge., Inc., 105 AD3d 807, 810-811 [2d Dept 2013]). Indeed, under CPLR 4403, "[u]pon the motion of any party . . . the judge . . . may confirm or reject, in whole or in part, . . . the report of a referee to report; may make new findings with or without taking additional testimony; and may order a new trial or hearing" (see also Sage Realty Corp. v Proskauer Rose LLP, 288 AD2d 14 [1st Dept 2001]).
"The rule is well settled that where questions of fact are submitted to a referee . . . generally courts will not disturb the findings of a referee to the extent that the record substantiates his findings and they may reject findings not supported by the record" (Kardanis v Velis, 90 AD2d 727, 727 [1st Dept 1982]; see Izhaky v Izhaky, 189 AD3d 617, 618 [1st Dept 2020]).
Here, in the decision and order dated July 5, 2018, the court awarded to defendants "costs and attorney's fees incurred in this action" and directed the JHO to determine "the amount of reasonable attorney's fees and costs to be awarded to defendants" (see NYSCEF doc. no. 171 at 13-14 [emphasis added]). When the JHO then awarded defendants the attorneys' fees they incurred in this litigation after the commencement of the action, he therefore acted within the authority granted to him (see CPLR 4311; Furman v Wells Fargo Home Mtge., Inc.).
Although plaintiff makes reference to the court's statements at oral arguments on plaintiff's motion to compel (seq. no. 004), specifically that the award should only be for "the cost for the motion," the court at no time issued a clear directive (see NYSCEF doc. no. 239 at 8). The statement therefore had no effect of countermanding the court's earlier, more definitive statement that the appropriate award was for fees incurred "in this action" (NYSCEF doc. no. 171 at 13). To the extent that Justice Scarpulla's statement contradicted her order, the order controls, particularly considering that her expression was no more than an expression of potential intent.
Moreover, given that the reasoning for the award of sanctions was for plaintiff's frivolous conduct in bringing this lawsuit and that defendants would not have incurred any of the costs in litigation but for plaintiff's decision to litigate, the JHO's recommendation to award post-complaint attorneys' fees, including fees unrelated to the motion to dismiss, is reasonable and substantially supported by the record (see Kardanis v Velis). The JHO examined the charges "customary and necessary for representation of a client in a similar matter in New York County" and found that these charges were "usual and reasonable" (see affirmation of plaintiff's counsel, exhibit 1 at 5). The court finds no fault in the JHO's finding.
An exception is that defendants should not be awarded attorneys' fees billed by and paid to Friedman Kaplan with respect to the hearing, which was not within the court's contemplation at the time of the order (see NYSCEF doc. no. 171 at 13).
Defendants' application for greater fees, including pre-litigation fees in the event plaintiff fails to pay within 60 days is unwarranted, and constitutes some form of punitive fees, which the court did not contemplate, and specifically rejected. That application is denied.
Accordingly, it is hereby
ORDERED that plaintiff's motion is granted in part, to the limited extent that the Report and Recommendation of Judicial Hearing Officer Philip S. Straniere is confirmed insofar as defendants were awarded reimbursement for attorneys' fees in the amount of $322,139.35, [*5]together with interest at the statutory rate of 9% from July 5, 2018, and the Report and Recommendation is rejected in all other respects; and it is further
ORDERED that the Clerk of the court shall enter judgment in favor of defendants ANA Aircraft Technics, Co., Ltd, ANA Base Maintenance Technics, Co., Ltd., All Nippon Airways, Co. Ltd, ANA Holdings, Inc., and All Nippon Airways Co., Ltd., and against plaintiff Kyowa Seni, Co., Ltd. in the sum of $322,139.35, together with interest at the statutory rate of 9% from July 5, 2018.
DATE June 27, 2024
ROBERT R. REED, J.S.C.