Hawthorne Funding, LLC v Karish Kapital, LLC (2025 NY Slip Op 01791)

Hawthorne Funding, LLC v Karish Kapital, LLC

2025 NY Slip Op 01791

Decided on March 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LARA J. GENOVESI
CHERYL E. CHAMBERS
LOURDES M. VENTURA, JJ.

2022-00312
 (Index No. 602151/19)

[*1]Hawthorne Funding, LLC, appellant,
v
Karish Kapital, LLC, respondent.

Andrew Citron, New York NY, for appellant.
Berger Fink LLP, Forest Hills, NY (David M. Berger, Jason M. Fink, and Rena English of counsel), for respondent.

DECISION & ORDER
In an action for an accounting, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Robert A. McDonald, J.), dated January 7, 2022. The judgment, upon an order of the same court dated December 22, 2021, granting the defendant's motion for an award of attorneys' fees, expenses, and costs in the sum of $54,131.01, is in favor of the defendant and against the plaintiff in the total sum of $54,131.01.
ORDERED that the judgment is reversed, on the law and in the exercise of discretion, with costs, the order dated December 22, 2021, is vacated, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings, including a new determination with respect to the amount of the reasonable attorneys' fees in accordance herewith, and, thereafter, a new determination of the defendant's motion for an award of attorneys' fees, expenses, and costs in the sum of $54,131.01 and the entry of an appropriate amended judgment.
In December 2016, the parties entered into a master participation agreement (hereinafter the agreement). As relevant to this appeal, section 9.5 of the agreement provided that, should the parties contest the provisions of the agreement, "the prevailing party shall recover its reasonable attorney's fees and expenses from the unsuccessful [party]. It shall be presumed (subject to rebuttal only by the introduction of competent evidence to the contrary) that the amount recoverable is the amount billed to the prevailing party by its counsel and that such amount will be reasonable if based on the billing rates charged to the prevailing party by its counsel in similar matters."
In February 2019, the plaintiff commenced this action against the defendant for an accounting, alleging a fiduciary relationship between the parties. The defendant subsequently moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint. In an order entered June 27, 2019 (hereinafter the June 2019 order), the Supreme Court granted the defendant's motion, determining that there was no fiduciary relationship between the parties. This Court affirmed the June 2019 order (see Hawthorne Funding, LLC v Karish Kapital, LLC, 192 AD3d 779).
In April 2021, the defendant moved for an award of attorneys' fees, expenses, and costs in the sum of $54,131.01, arguing, inter alia, that it was entitled those fees and expenses [*2]pursuant to section 9.5 of the agreement. The plaintiff opposed the motion and argued, among other things, that the fees requested were unreasonable because the invoices and the time and expense report submitted by the defendant included "block billing." In an order dated December 22, 2021, the Supreme Court granted the defendant's motion. On January 7, 2022, a judgment was entered, upon the order, in favor of the defendant and against the plaintiff in the total sum of $54,131.01. The plaintiff appeals.
"When parties set down their agreement in a clear, complete document, their writing should be enforced according to its terms" (Loughlin v Meghji, 186 AD3d 1633, 1639, citing Vermont Teddy Bear Co. v 538 Madison Realty Co., 1 NY3d 470, 475). Furthermore, "[t]he determination of what constitutes a reasonable attorney's fee is a matter within the sound discretion of the Supreme Court" (Lancer Indem. Co. v JKH Realty Group, LLC, 127 AD3d 1035, 1035-1036). The court's determination may be based "'upon such factors as the time and labor required, the difficulty of the issues involved, the skill required to handle the matter, and the effectiveness of the legal work performed'" (Lieberman-Massoni v Massoni, 215 AD3d 663, 663, quoting Rodriguez v Ryder Truck Rental, Inc., 171 AD3d 963, 964; see Oz v GCPKOP, LLC, 210 AD3d 689, 690). "'While a hearing is not required in all circumstances, the court must possess sufficient information upon which to make an informed assessment of the reasonable value of the legal services rendered'" (Sterling Natl. Bank v Alan B. Brill, P.C., 186 AD3d 515, 520, quoting Citicorp Trust Bank, FSB v Vidaurre, 155 AD3d 934, 935).
Here, the agreement expressly granted the prevailing party attorneys' fees that are presumptively reasonable, unless the other party rebuts that presumption with competent evidence. The defendant was the prevailing party in the underlying action pursuant to the June 2019 order and the determination of this Court (see Hawthorne Funding, LLC v Karish Kapital, LLC, 192 AD3d 779). The use of block billing does not render the requested attorneys' fees "per se" unreasonable (J. Remora Maintenance LLC v Efromovich, 103 AD3d 501, 503). Based on the attorneys' experience and skill necessary to draft and litigate the multiple motions involved in this case over the course of two years, this portion of the attorneys' fees awarded was presumptively reasonable (see Lieberman-Massoni v Massoni, 215 AD3d at 663-664).
The defendant, asserting the attorney work product privilege, provided partially redacted billing records in support of its request for an award of attorneys' fees and expenses. The plaintiff failed to present any evidence rebutting the presumption of reasonableness with respect to these portions. However, without the ability to review the bills in totality, the plaintiff was not afforded the opportunity to provide the appropriate competent evidence to rebut the presumption (see generally East Ramapo Cent. Sch. Dist. v New York Schs. Ins. Reciprocal, 150 AD3d 683, 689; Deutsche Bank Trust Co. of Ams. v Tri-Links Inv. Trust, 43 AD3d 56, 63-65). Therefore, the matter must be remitted for the defendant to produce unredacted copies of the invoices and the time and expense report to afford the plaintiff an opportunity to rebut the reasonableness of those fees.
Further, the Supreme Court improvidently exercised its discretion in awarding the defendant attorneys' fees on the fees for legal services rendered to recover the fee award, also known as "fees on fees" (Mulholland v Moret, 161 AD3d 883, 885; see 214 Wall St. Assoc., LLC v Medical Arts-Huntington Realty, 99 AD3d 988, 989-990). An award of fees on fees must be "based upon a specific contractual provision or statute" (IG Second Generation Partners, L.P. v Kaygreen Realty Co., 114 AD3d 641, 643; see Matter of Lillian G. [Steven G.—Gary G.], 208 AD3d 871, 875). Here, the agreement did not expressly provide for the prevailing party to recover fees on fees. The records submitted by the defendant indicate that the award of attorneys' fees included fees on fees. Therefore, the court improperly awarded the defendant fees on fees in the amount of $2,450 (see Mulholland v Moret, 161 AD3d at 885; IG Second Generation Partners, L.P. v Kaygreen Realty Co., 114 AD3d at 643-644).
Accordingly, we reverse the judgment and remit the matter to the Supreme Court, Nassau County, for further proceedings, and direct the defendant to produce the unredacted records to afford the plaintiff an opportunity to provide competent evidence to rebut the presumption of reasonableness. Thereafter, the court shall determine the amount of reasonable attorneys' fees, not [*3]including those legal fees incurred in the preparation and prosecution of the defendant's motion for an award of attorneys' fees, expenses, and costs, and make a new determination of the defendant's motion, and enter an appropriate amended judgment.
DILLON, J.P., GENOVESI, CHAMBERS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court