Matter of Aron Law, PLLC v New York City Fire Dept. (2025 NY Slip Op 03806)

Matter of Aron Law, PLLC v New York City Fire Dept.

2025 NY Slip Op 03806

Decided on June 25, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
WILLIAM G. FORD
CARL J. LANDICINO
DONNA-MARIE E. GOLIA, JJ.

2022-07022
 (Index No. 520882/18)

[*1]In the Matter of Aron Law, PLLC, respondent,
v
New York City Fire Department, appellant.

Muriel Goode-Trufant, Corporation Counsel, New York, NY (Deborah A. Brenner and Karin Wolfe of counsel), for appellant.
Aron Law, PLLC, Brooklyn, NY (Joseph H. Aron of counsel), respondent pro se.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to compel the production of certain records pursuant to the Freedom of Information Law (Public Officers Law art 6), the New York City Fire Department appeals from a judgment of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated July 26, 2022. The judgment, upon an order of the same court dated July 15, 2020, inter alia, granting that branch of the petitioner's motion which was for an award of attorneys' fees, and upon a decision of the same court (Miriam P. Sunshine, Ct. Atty. Ref.) dated July 5, 2022, made after a hearing, is in favor of the petitioner and against the New York City Fire Department in the principal sum of $114,883.
ORDERED that the judgment is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.
The factual and procedural history of this proceeding is set forth in this Court's decision and order on a prior appeal (see Matter of Aron Law, PLLC v New York City Fire Dept., 191 AD3d 664). On the prior appeal, this Court reversed a judgment and granted those branches of the petition which were to compel production of records sought in the petitioner's Freedom of Information Law request numbers 4, 9, and 16. In an order dated July 15, 2020, the Supreme Court, inter alia, granted that branch of the petitioner's motion which was for an award of attorneys' fees. Thereafter, in a decision dated July 5, 2022, made after a hearing, the Supreme Court determined that the petitioner was entitled to an award of attorneys' fees in the sum of $112,200 and litigation costs in the sum of $2,683. A judgment dated July 26, 2022, was issued in favor of the petitioner and against the New York City Fire Department (hereinafter the FDNY) in the principal sum of $114,883. The FDNY appeals.
Here, as the petitioner substantially prevailed in this CPLR article 78 proceeding, and the FDNY failed to demonstrate a reasonable basis for denying access to the responsive documents (see Public Officers Law § 89[4][c][ii]), the Supreme Court properly granted that branch of the petitioner's motion which was for an award of attorneys' fees (see Matter of Newsday, LLC v Nassau County Police Dept., 222 AD3d 85, 91-92).
Furthermore, contrary to the FDNY's contention, the Supreme Court providently exercised its discretion in determining that the petitioner's hourly rates were reasonable.
However, we find that the award of attorneys' fees included amounts for legal fees and costs incurred by the petitioner in prosecuting its claim for an award of attorneys' fees, or so called "fees on fees." In New York, an attorney's fee is "'merely an incident of litigation and is not recoverable absent a specific contractual provision or statutory authority'" (214 Wall St. Assoc., LLC v Medical Arts-Huntington Realty, 99 AD3d 988, 990, quoting Levine v Infidelity, Inc., 2 AD3d 691, 692; see Matter of A.G. Ship Maintenance Corp. v Lezak, 69 NY2d 1, 5). An award of fees on fees—fees for services performed to recover a fee award—also must be based upon a specific contractual provision or statute (see 546-552 W. 146th St. LLC v Arfa, 99 AD3d 117, 120; Sage Realty Corp. v Proskauer Rose, 288 AD2d 14, 15). Here, "[g]iven the absence of unmistakably clear intent regarding the recovery of fees on fees [in Public Officers Law § 89(4)(c)], a right to recover those fees should not be implied" (IG Second Generation Partners, L.P. v Kaygreen Realty Co., 114 AD3d 641, 643).
As the petitioner is entitled to an award of attorneys' fees, we remit the matter to the Supreme Court, Kings County, for a new hearing on the issue of the amount of reasonable attorneys' fees arising solely from the prosecution of this proceeding, without the inclusion of legal fees and costs incurred in prosecuting the petitioner's claim for an award of attorneys' fees, followed by a new report, further proceedings pursuant to CPLR 4403, and the entry of an appropriate amended judgment thereafter (see IG Second Generation Partners, L.P. v Kaygreen Realty Co., 114 AD3d at 643-644).
The FDNY's remaining contentions are without merit.
DILLON, J.P., FORD, LANDICINO and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court