Sprecase v Tenreiro (2023 NY Slip Op 02598)

Sprecase v Tenreiro

2023 NY Slip Op 02598

Decided on May 11, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 11, 2023

Before: Oing, J.P., Singh, González, Kennedy, Scarpulla, JJ. 

Index No. 652830/18 Appeal No. 238 Case No. 2022-02359 

[*1]Walter Stipa Sprecase, Plaintiff-Respondent,
v
Daniel Tenreiro, Defendant-Appellant, Carla M. Braschi-Karam De Tenreiro, Defendant.

The Law Office of Martin S. Rapaport, P.C., New York (Karen F. Neuwirth of counsel), for appellant.
Moran Karamouzis LLP, Rockville Centre (Andrew P. Karamouzis of counsel), for respondent.

Appeal from order, Supreme Court, New York County (Helen Z. Galette, Referee), entered May 11, 2022, deemed an appeal from the judgment, same court (Andrew Borrok, J.), entered May 31, 2022, awarding plaintiff attorneys' fees of $66,883.50 and disbursements of $3,385.76 and $2,246.90 in costs for the transcript of the sanctions hearing against defendant Daniel Tenreiro, unanimously affirmed, with costs.
Plaintiff was properly awarded reasonable attorneys' fees, costs and disbursements incurred as a result of Tenreiro's forgery of a document, which caused plaintiff to incur substantial litigation expenses (22 NYCRR 130-1.1[a], [c][1]). Following a January 17, 2020 hearing on the issue of the forgery, in a decision of the same date, Supreme Court directed Tenreiro to "pay the expenses incurred by [plaintiff] in connection with the fraudulent Payment Agreement, including the reasonable attorneys' fees and costs of bringing this motion for sanctions and any expenses incurred in an effort to ascertain the document's authenticity." As an initial matter, Tenreiro acknowledges that he engaged in improper conduct by fabricating a key document in discovery and that the attorneys' fees billed through October 2, 2019, the day after he disclosed that he fabricated the document, were related to the fraudulent document. Inasmuch as Tenreiro argues that the Special Referee improperly awarded plaintiff "fees on fees," the Special Referee considered the argument that fees on fees were not recoverable and factored that into her decision by limiting recovery to January 17, 2020, the date of the hearing and decision by Supreme Court granting the award of sanctions (cf. Sage Realty Corp. v Proskauer Rose, 288 AD2d 14, 15 [1st Dept 2001] [vacating as impermissible "fees on fees" recovery of "fees incurred in the pursuit of obtaining fees awarded" (on a prior motion)], lv denied 97 NY2d 608 [2002]). No fees postdating Supreme Court's decision were awarded. The Special Referee providently exercised her discretion in determining the reasonable amount of attorneys' fees and disbursements incurred and the date at which fees on fees began to be incurred as well as in awarding
plaintiff the cost of the forensic expert (see Matter of Kover, 134 AD3d 64, 74 [1st Dept 2015]). The court also providently exercised its discretion in allocating the costs of transcripts to Tenreiro (see CPLR 8101; 22 NYCRR 130-1.1[a]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 11, 2023