Link Motion Inc. v DLA Piper LLP (us)

2026 NY Slip Op 02066

April 7, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Link Motion Inc., Appellant,

v

DLA Piper LLP (us), et al., Respondents. Felicello Law P.C., et al., Nonparty-Appellants.

Decided and Entered: April 07, 2026

Index No. 653322/22|Appeal No. 6295-6296-6297|Case No. 2025-01716, 2025-01979, 2025-04103|

Before: Scarpulla, J.P., Friedman, Shulman, Rodriguez, Rosado, JJ.

Felicello Law P.C, New York (Michael James Maloney of counsel), for Link Motion Inc., appellant.

Law Office of Daniel L. Abrams, PLLC, New York (Daniel L. Abrams of counsel), for Felicello Law P.C., Rosanne E. Felicello and Michael J. Maloney, appellants.

Gibson, Dunn & Crutcher LLP, New York (Nancy E. Hart of counsel), for respondents.

[*1]

Judgment, Supreme Court, New York County (Andrew Borrok, J.), entered June 16, 2025, awarding defendant DLA Piper LLP (US) sanctions and attorneys' fees in the amount of $482,390.56, plus interest, against plaintiff Link Motion Inc. and nonparty-appellants Felicello Law P.C., Rosanne Felicello, and Michael Maloney, unanimously affirmed, with costs. Appeals from order, same court and Justice, entered on or about February 19, 2025, dismissing the amended complaint and awarding defendants sanctions, including their reasonable attorneys' fees incurred in defending the action, and from supplemental order, same court and Justice, entered on or about March 11, 2025, clarifying the February 19, 2025 order and referring the matter for a hearing to determine the amount of attorneys' fees to be awarded, unanimously dismissed, without costs, as subsumed in the judgment.

The court correctly found that the record of the communications between DLA and plaintiff concerning DLA's limited representation of plaintiff in the first stage of a federal derivative action clearly established that plaintiff was on notice that DLA's representation in that action ended as of January 21, 2019. That was the day that plaintiff told DLA it could not pay DLA, in response to DLA's message from a day earlier requesting consent to withdraw from representation if plaintiff could not pay it to go forward. These communications to and from plaintiff refute any allegations to the contrary, as well as the allegations that the legal representation continued after that date until at least February 4, 2019 (see Shumsky v Eisenstein, 96 NY2d 164, 171 [2001] ["even when further representation concerning the specific matter in which the attorney allegedly committed the complained of malpractice is needed and contemplated by the client, the continuous representation toll would nonetheless end once the client is informed or otherwise put on notice of the attorney's withdrawal from representation"]; Walsh v Wallace Law Off., 203 AD3d 684, 685 [1st Dept 2022]). In the absence of a "continuous representation toll," the claim was untimely filed, even if the COVID toll were to apply.

The action was, in any event, properly dismissed for failure to state a cause of action. The record of the communications described above between DLA and plaintiff concerning the former's representation in the federal case forecloses the possibility that plaintiff could show, or that Felicello Law could in good faith have believed, that DLA's conduct in that matter breached a duty to provide competent legal services.

[*2]

The court correctly awarded sanctions pursuant to 22 NYCRR 130-1.1 against plaintiff and Felicello Law for the assertion of the same frivolous legal malpractice claim that resulted in Rule 11 sanctions in the mirror image federal malpractice action. The record establishes that certain allegations in the complaint were false and that plaintiff and its counsel had no possibility of proving, nor any good faith basis for believing, that DLA acted negligently in its representation (see Kyowa Seni, Co., Ltd. v ANA Aircraft Technics, Co., Ltd., 239 AD3d 413, 414 [1st Dept 2025]). Furthermore, the court providently exercised its discretion in determining, based on the evidence submitted at the fee hearing, the reasonable amount of attorneys' fees and disbursements incurred by DLA in defending the litigation (see e.g. Sprecase v Tenreiro, 216 AD3d 499 [1st Dept 2023], lv dismissed 40 NY3d 1090 [2024]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 7, 2026